UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARMA QUICK,
        Plaintiff,
   v.

SAN FRANCISCO SUPERIOR COURT,
        Defendant.

Case No. 14-cv-02565-VC

**ORDER DENYING MOTION TO DISMISS**
Re: Dkt. No. 14

The motion to dismiss is denied.

The Superior Court argues that Title II of the ADA does not constitute a valid Congressional abrogation of Eleventh Amendment immunity as applied to this case, because the conduct alleged to violate the ADA does not also violate the Fourteenth Amendment. But in *Tennessee v. Lane*, 541 U.S. 509, 533 (2004), which the Superior Court inexplicably failed to cite in its motion, the Supreme Court held that Title II, as applied to cases implicating the right of access to the courts, is "a reasonable prophylactic measure" that may validly proscribe conduct beyond that which directly violates the Constitution. *See also id*. at 531 ("Title II unquestionably is valid § 5 legislation as it applies to the class of cases implicating the accessibility of judicial services"); *id*. at 533-34 ("Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority . . ."). This is a case "implicating the fundamental right of access to the courts," and therefore *Lane* applies.

The Superior Court argued in its reply brief and at the hearing that *United States v. Georgia*, 546 U.S. 151 (2006) limits or repudiates *Lane* by holding that Title II can only constitute a valid abrogation of Eleventh Amendment immunity if the alleged ADA violation is also a Fourteenth Amendment violation. But that is not true. To the contrary, the Court in *United States*

1    *v. Georgia* recognized the possibility that Congress could validly abrogate Eleventh Amendment

2    immunity "insofar as [the alleged] conduct violated Title II but did not violate the Fourteenth

3    Amendment," *id*. at 159, and the Court cited *Lane* as an example of this.  *Id*. at 158.  Accordingly,

4    Quick's claims for money damages under Title II of the ADA are not barred by Eleventh

5    Amendment immunity.

6         The Superior Court next argues that some of the incidents of which Quick complains fall

7    outside the applicable statute of limitations period, but it is not clear from the pleadings that

8    equitable tolling would not apply to the claims based on those incidents.

9         Finally, the Superior Court argues that Quick has failed to state a claim for money

10   damages because she does not allege facts that would establish intentional discrimination.

11   However, "intentional discrimination" in the context of Title II of the ADA does not involve

12   discriminatory animus or specific intent to violate someone's rights; rather, it involves "deliberate

13   indifference" to a disabled person's need for an accommodation.  *See, e.g., Duvall v. County of*

14   *Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).  To establish deliberate indifference, a plaintiff must

15   show that the public entity had knowledge that an ADA violation was likely to occur, and that, at a

16   minimum, the public entity failed to act.  *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).

17   Here, the complaint alleges that Quick requested CART accommodations and that the Superior

18   Court considered but denied those requests, sometimes providing her with an allegedly inadequate

19   alternative and sometimes providing her with nothing.  At the pleading stage, this is sufficient to

20   state a claim for intentional discrimination.  It is true, as the Superior Court argues, that the

21   complaint alleges that in some instances Quick received one of the alternative accommodations

22   she requested.  But the complaint alleges that in other instances she did not.  Therefore, even if the

23   Superior Court were correct that Quick could not recover damages based on the instances in which

24   the Superior Court offered an alternative accommodation requested by Quick (an issue on which

25   this Court expresses no view at this time), that would not defeat Quick's damages claim entirely,

26   and therefore there is no basis for dismissing Quick's prayer for damages at this stage.

**IT IS SO ORDERED.**

Dated: August 29, 2014

_____
VINCE CHHABRIA
United States District Judge